**UNITED STATES, Appellee,**

v.

**Ernest VARACALLI, Defendant–Appellant.**

No. 02–1762.

United States Court of Appeals, Second Circuit.

Jan. 12, 2004.

Jim Brandon, New York, N.Y. (John Jacobs, on brief), for Appellant.

Daniel Ruzumna, Assistant U.S. Attorney, S.D.N.Y. (James B. Comey, U.S. Attorney and Adam B. Siegel, Assistant U.S. Attorney, on brief), for Appellee.

Present: WINTER, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED.**

Ernest Varacalli appeals from a judgment of conviction entered on December 23, 2002 in the Southern District of New York (Martin, *J.*), following a seven-day jury trial. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

■ 1. Whether or not the district court abused its discretion in admitting Varacalli's prior conviction, any such error would have been harmless. *See United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998) (new trial will not be ordered if erroneous admission of Rule 404(b) evidence was "unimportant in relation to everything else the jury considered on the issue in question" (citing *United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992))). The weight of evidence was such that it is unlikely the prior conviction substantially influenced the jury's verdict.

■ 2. The redacted plea allocution of Varacalli's son neither references Varacalli nor directly implicates him in the crimes to which his son pled; the allocution was properly admitted to show the existence of a conspiracy to operate a chop shop. Nothing in the record suggests that the family relationship makes it more prejudicial than a statement given by any other co-conspirator. True, the redacted allocution, when read in conjunction with other evidence, might lead to an inference of Varacalli's guilt; but that does not establish inadmissibility. *See Richardson v. Marsh,* 481 U.S. 200, 208–09, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *United States v. Alvarado,* 882 F.2d 645, 652 (2d Cir. 1989).

3. The limiting instruction regarding proper use of plea allocutions was not inaccurate, nor did it suggest that Varacalli was involved in criminal conduct other than that charged in the indictment. The

**244**

allocutions were properly admitted as evidence that the charged conspiracy existed, and the jury was instructed that these statements could not be used to infer Varacalli's guilt. It is presumed that the jury followed the limiting instruction. *See United States v. Moskowitz*, 215 F.3d 265, 269 (2d Cir.2000); *United States v. Ebner*, 782 F.2d 1120, 1126 (2d Cir.1986).

4. The supplemental jury instruction regarding venue was neither nonresponsive nor misleading. Trial judges have "considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion." *United States v. Parker*, 903 F.2d 91, 101 (2d Cir.1990). The district court is at liberty to choose language it deems appropriate to instruct the jury so long as its charge "adequately states the law." *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir.1991). The supplemental instruction given here was within the bounds of discretion; it was both accurate and responsive.

5. The district court did not commit clear error in its calculation of the loss caused by Varacalli's activities. A sentencing court is not required to calculate the loss amount resulting from a fraud offense "with precision." *United States v. Jacobs*, 117 F.3d 82, 95 (2d Cir.1997). Instead, the district court must make only "a reasonable estimate of the loss." U.S.S.G. § 2F1.1, cmt. 9 (2000). There was sufficient evidence adduced at trial and the sentencing hearing to support the district court's findings as to duration of the conspiracy and the loss amount resulting therefrom. Further, the loss amount was calculated to be over $7 million, well in excess of the $5 million threshold in the applicable sentencing guideline. *See id.* § 2B6.1.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**